■ RICHARD E. SCHERMERHORN, Appellant-Respondent, v. RON ROSENBERG et al., Respondents-Appellants.— In an action for libel, etc., the parties cross-appeal from an order of the Supreme Court, Orange County, dated June 24, 1974, as follows: (1) plaintiff, from so much of the order as denied him leave to amend his complaint with respect to the proposed second and fifth causes of action as set forth in the proposed amended complaint and dismissed those causes from the amended complaint and (2) defendants, from so much of the order as (a) denied their cross motion for summary judgment with respect to the original complaint and (b) permitted plaintiff to amend his complaint with respect to the first, third and fourth causes of action as set forth in the proposed amended complaint. Order modified by striking therefrom the third and fifth decretal paragraphs, and substituting therefor a provision granting plaintiff's motion to amend the complaint with respect to the proposed second and fifth causes of action. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to plaintiff. The second cause of action in plaintiff's amended complaint sets forth a claim cognizable at law. It alleges that on April 4, 1973 defendants maliciously

published an article containing the following defamatory matter: "When questioned about his reference to 'racist remarks', Beatty said that he has access to tapes in which Schermerhorn has made 'subtle anti-black and anti-semitic' statements but he has refused to reveal who has the tapes". It goes on to allege that the words in the statement were published by defendants when they knew there were no tapes in existence, that defendants were the ones who had communicated to Senator Beatty that such tapes were in existence when they in fact knew no such tapes were in existence, that they knowingly gave false information to Senator Beatty, and that they thereafter published his statements reciting what they had told him, as a result of which plaintiff was injured in his good name, fame, credit and reputation. In our opinion, this cause states a good cause of action. The fifth cause of action in the proposed amended complaint alleges that defendants, between April 2, 1973 and July 18, 1973, published articles containing false and defamatory matter which they knew to be false, with such reckless disregard of the truth as to demonstrate actual malice, as a result of which plaintiff was injured in his good name, fame, credit and reputation. In our opinion, such republication of an allegedly defamatory article demonstrates actual malice (see *Church of Scientology of Cal.* v. *Dell Pub. Co.*, 362 F. Supp. 767). Cohalan, Acting P. J. Christ, Brennan, Munder and Shapiro, JJ., concur.